UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN — SOUTHERN DIVISION

RONECA ECHOLS,
Individually and on behalf of others similarly situated,

    Plaintiff

-vs-                                  Case No.
                                      Hon.
                                      CLASS ACTION COMPLAINT

DICK GENTHE CHEVROLET, INC.,

    Defendant

## COMPLAINT & JURY DEMAND

Plaintiff, Roneca Echols, individually and on behalf of others similarly situated, states the following claims for relief:

### Jurisdiction

1. This court has jurisdiction under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and 28 U.S.C. §§ 1331, 1337.

### Parties

2. The Plaintiff to this lawsuit is Roneca Echols who resides in Kalamazoo, Michigan.

3. The Defendant to this lawsuit is Dick Genthe Chevrolet, Inc. ("Dick Genthe") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through the Michigan Department of State, Compliance Division, 3rd Floor – Treasury Building, 430 W. Allegan Street, Lansing, MI 48918.

1

## Venue

4. The transactions and occurrences which give rise to this action occurred in Kalamazoo County.

5. Ms. Echols is a citizen of the State of Michigan.

6. Venue is proper in the Western District of Michigan.

## General Allegations As To Dick Genthe

7. On or about February 23, 2016, Ms. Echols completed a credit application online at http://www.genthe.com/ for the purpose of purchasing a vehicle.

8. After completing a credit application, a representative e-mailed Ms. Echols acknowledging receipt of her credit application.

9. A representative from Dick Genthe also called Ms. Echols requesting pay stubs in order continue the processing of her credit application.

10. Ms. Echols provided the requested pay stubs to Dick Genthe.

11. After receipt of Ms. Echols' paystubs, Dick Genthe called Ms. Echols to inform her that she did not qualify for financing but did not state the reasons why.

12. Dick Genthe took adverse action on that credit application.

13. Dick Genthe's denial of credit constituted adverse action for purpose of Ms. Echols' credit application under the ECOA.

14. Dick Genthe failed to provide Ms. Echols with a notice of adverse action compliant with the requirements of the ECOA.

15. Dick Genthe violated the adverse action requirements of the ECOA.

### Practices of Dick Genthe

16. It is or was the practice and policy of Dick Genthe to:

    a. Take adverse action for purpose of the ECOA as to consumers without issuing appropriate notices under the ECOA.

    b. Fail to issue adverse action notices when otherwise required under the ECOA.

    c. Fail to maintain records of its compliance with the ECOA.

### Class Allegations

17. Ms. Echols incorporates the preceding allegations by reference.

18. Ms. Echols brings this action on behalf of herself and the class of all other persons similarly situated, pursuant to Fed.R.Civ.P.23.

19. Ms. Echols proposes to represent the following class, initially defined as follows:

    *All consumers in the State of Michigan, excluding the Court, Counsel and their staff, a) who applied for credit to Dick Genthe, as evidenced by inquiries for consumer reports by Dick Genthe b) to whom Dick Genthe did not extend credit and c) for whom Dick Genthe has no record of an adverse action notice.*

20. The class of persons to be represented are so numerous that joinder of all members is impractical.

21. The Court and Counsel can identify the proposed members of the class easily from the records of Dick Genthe as a result of the record keeping requirements applicable to automobile dealers in the State of Michigan and the consumer reporting agencies through whom Dick Genthe has made inquiries.

22. The names and addresses of the class members are identifiable through documents that Dick Genthe itself maintains, and the class members may be notified of the pendency of this action by mailed notice.

23. The class claims present common questions of law and fact, including whether

    a. Dick Genthe is a creditor for purposes of ECOA.
    b. Dick Genthe issued an adverse action notice to Ms. Echols and the class members;
    c. Dick Genthe's standard procedures to issue an adverse action notice were reasonable;
    d. Dick Genthe knowingly and intentionally committed an act in conscious disregard of the rights of the consumer; and
    e. Dick Genthe's conduct constitutes violations of the ECOA.

24. Ms. Echols will fairly and adequately protect the interests of the class, specifically:

    a. Ms. Echols has no adverse interest to the class.
    b. Ms. Echols has retained counsel who is experienced in handling class actions and litigation under various Federal Consumer Protection Acts.
    c. Ms. Echols' claims are typical of the claims of each class member, as Ms. Echols has suffered similar injuries to the members of the class she seeks to represent through this action.

25. The questions of law or fact common to the members of the class predominate over any questions affecting any individual member.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because no individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Roneca Echols because the claim amounts are likely small and involve statutory damages under the ECOA, and because management of these claims will likely present few difficulties.

27. This complaint seeks monetary damages under Fed.R.Civ.P.23(b)(3).

28. Based upon the preceding allegations, the Court may certify this matter as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Likewise, the Court may certify this matter as a class under Fed.R.Civ.P. 23(b)(2), because Roneca Echols has acted on grounds generally applicable to the class, making equitable injunctive relief with respect to Ms. Echols and the putative class members appropriate.

30. There is no impediment to certification of the class to be represented.

## Count I -- Equal Credit Opportunity Act

31. Ms. Echols incorporates the preceding allegations by reference.

32. Dick Genthe is a creditor for purpose of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

33. Following the receipt of the complete application for credit by Ms. Echols, Dick Genthe was required to make a credit decision within 30 days.

34. Based upon that credit application Dick Genthe denied credit, or alternatively refused to extend credit on substantially similar terms to those applied for by Ms. Echols, or alternatively failed to render its credit decision within 30 days.

35. Ms. Echols did not accept any credit from Dick Genthe.

36. Dick Genthe took adverse action for purposes of the ECOA.

37. Dick Genthe failed to issue the adverse action notice to Ms. Echols which the ECOA requires of users of consumer credit reports who take adverse action.

38. Dick Genthe was otherwise required to provide an adverse action notice to Ms. Echols.

39. Upon information and belief, Dick Genthe has inadequate policies or procedures in place to comply with the ECOA's adverse action notice.

40. Dick Genthe failed to provide an adverse action notice to Ms. Echols.

41. This failure to issue an adverse action notice constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 by Dick Genthe; alternatively, this failure to issue an adverse action notice constituted a willful violation of the ECOA, 15 U.S.C. § 1691 by Dick Genthe.

42. Dick Genthe has failed to maintain proper records of its credit actions in violation of the ECOA.

43. This failure to properly maintain records constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 *et seq.* by Dick Genthe; alternatively, this failure to properly maintain records constituted a willful violation of the ECOA, 15 U.S.C. § 1691 *et seq.*

44. Ms. Echols suffered damages by this violation of ECOA.

### Count II -- Special Request For Equitable Relief

45. Ms. Echols incorporates the preceding allegations by reference.

46. Dick Genthe failed or refused to put in place mechanisms to comply with the ECOA's adverse action notice requirements.

47. Those requirements serve as the primary means of record keeping to permit both private

litigants and governmental entities to determine whether or not Dick Genthe is in compliance with the Act's anti-discrimination purposes.

48. Similarly, the adverse action notice provisions of the ECOA serve an important consumer education function.

49. These salutatory purposes will be completely defeated if Dick Genthe is allowed to continue operating without compliance.

50. Additionally, Dick Genthe will gain an unfair competitive advantage over its competitors if is are permitted to continue operation without bearing the cost of compliance which are actually born by its market competitors who have complied with the adverse action notice requirements of the ECOA.

51. Accordingly, Ms. Echols requests that the Court enter and appropriate order enjoining further violations of the ECOA by Dick Genthe.

## Jury Demand

52. Roneca Echols demands a jury trial in this case.

## Request For Relief

Plaintiff requests that the Court grant the following relief:

*a.    Certify the proposed Class;*

*b.    Appoint Ms. Echols as representative of the Class and the undersigned counsel as counsel for the Class;*

*c.    Award statutory and punitive damages;*

*d.    Award statutory costs and attorney fees;*

*e.    A declaration that Dick Genthe has violated the ECOA and award injunctive relief*

    *to prevent further violations.*

 *f.*  *Any other relief as the Court deems necessary, just, and proper.*

          Respectfully Submitted,

          By: s/ Priya Bali
          Priya Bali (P78337)
          LYNGKLIP & ASSOCIATES
          CONSUMER LAW CENTER, PLC
          Attorney For Roneca Echols
          24500 Northwestern Highway, Ste. 206
          Southfield, MI 48075
          (248) 208-8864
          Priya@MichiganConsumerLaw.Com

Dated: March 14, 2018